IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shantou Chenghai Baiyao Toys Factory,<br><br>    Plaintiff,<br><br>v.<br><br>Xixiao Lin,<br><br>    Defendant. | Civil Action No. **1:25-cv-03185**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action for a declaratory judgment of non-infringement of United States Trademark Registration Number 7,526,312 (the "'312 Registration") by Plaintiff Shantou Chenghai Baiyao Toys Factory pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Lanham Act.

## THE PARTIES

1. Plaintiff Shantou Chenghai Baiyao Toys Factory is a Limited Liability Company located at No. 42-1, Nangang, Fengxiang Street, Chenghai District, Shantou City, Guangdong Province, China.

2. Defendant Xixiao Lin is listed as the current owner of the '312 Registration for a "Crawling Crab Design".



- 1 -

the '312 Registration

3. Defendant's registered address is No. 1-13, Zuihe, Shangcuo Village, Yanhong Town, Chenghai District, Shantou City, Guangdong Province, China.

## NATURE OF THE ACTION

4. Defendant has recently embarked on a hostile trademark assertion campaign in an attempt to accomplish through trademark infringement complaint what it has been unable to accomplish in the market through its own development, sales and marketing efforts.

5. In this action, Plaintiff seeks a judicial declaratory that it does not infringe any alleged '312 Registration rights of Defendant. Alternatively, '312 Registration is invalid or unenforceable.

6. Plaintiff seeks this relief because Defendant has filed a trademark infringement complaint against Plaintiff to Amazon.com (hereafter, the "Amazon Notice") claiming Plaintiff's sale of its Crawling Crab Products infringed Defendant's trademark.

7. As will be explained in this complaint, Defendant's Amazon Notice against Plaintiff has placed a cloud over Plaintiff sale or offer for sale of its Crawling Crab Products in the United States, thereby creating an actual and justiciable controversy between Plaintiff and Defendant.

## JURISDICTION AND VENUE

8. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), because this action involves claims arising under the Trademark Laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, and 2202.

9. This court also has supplemental jurisdiction over Plaintiff's related state claims, pursuant to 28 U.S.C. §§ 1367.

10. This Court has personal jurisdiction over Defendant for misusing its invalid '312 Registration, to gain market power and unfair competitive advantages in the crawling crab toy market.

11. In addition, on information and belief, Defendant attempted to restrain trade or commerce among the States, including the State of Illinois, by illegally disrupting Plaintiff's sale of Crawling Crab Products to the State of Illinois in order to monopolize the market.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Additionally, Defendant disrupted/blocked Plaintiff's sale of Crawling Crabs to the State of Illinois with a fraudulent complaint against Plaintiff. Defendant committed tortious acts in Illinois, engaged in interstate commerce, committed frauds and wrongfully and maliciously caused Plaintiff's ASIN to be closed down. Defendant's act created substantial injury to Plaintiff and to consumers in the State of Illinois.

## FACTUAL BACKGROUND

13. Plaintiff is mainly in the online business of selling toys on Amazon.com from its storefront "XSBAIYAO", including but not limited to the Crawling Crab toys. Plaintiff has been selling or offering for sale its Crawling Crab Products on Amazon.com since at least May 23, 2023.





Plaintiff's Product

14. Defendant is the current listed owner of the '312 Registration for the mark designating a "Crawling Crab Design", for "Balloons; Articles of clothing for toys; Ride-on toys; Toy aircraft; Toy cars; Toy guns; Toy jewelry; Toy rockets; Toy tiaras; Toy water guns" in International Class 028. This trademark registration, based on an application filed on May 29, 2023, was issued on October 8, 2024 and bears a first-use date of April 19, 2023. Exhibit A.

15. Defendant was not the original owner of the '312 Registration. The original owner was listed as Fan, Zhihao. Exhibit B.

16. On October 10, 2024, Defendant was assigned the entire right, title and interest in and to the '312 Registration. Exhibit C.

17. In February 9, 2025, Amazon sent an email -- Amazon Notice to Plaintiff. The email stated that Plaintiff's Crawling Crab Products, offered from ASINs B0C22W6S4R, B0C8D4R6GW, B0C131G4RF, B0C8D6511G, and B0C139YMZF, infringed Defendant's trademark. Exhibit D.

18. Amazon provided Plaintiff with the rights owner's details: Linxixiao, email: 502921041@qq.com. The Amazon Complaint ID is 16604154331. Exhibit D.

19. Although neither Amazon nor Defendant provided any identification of the alleged trademark, upon information and belief, the alleged trademark was the '312

Registration. This is because Defendant stated in the Amazon Notice that Plaintiff's products were "exactly the same as our trademark," therefore "[b]elongs to infringement." Exhibit D.

20. As the result of the Amazon Notice, Amazon delisted Plaintiff's ASINs reported therein. Plaintiff timely appealed the delisting, however failed to relist the ASINs.

## COUNT I

### Declaration of Invalidity of Trademark Registration

21. Plaintiff hereby incorporates by references the allegations set forth above in this Complaint as if fully set forth herein.

22. The '312 Registration, which was filed on May 29, 2023 and issued on October 8, 2024, bears a first-use date of April 19, 2023.

23. Plaintiff has been selling or offering for sale its Crawling Crab Products on Amazon.com since at least May 23, 2023.

24. Other parties, such as the Amazon store "Deejoy", have been selling or offering for sale crawling crab toys since at least September 26, 2021.



25. On information and belief, the design of the Crawling Crab Products has been available to the public since at least September 26, 2021, years prior to both the first-use and the filing dates of the '312 Registration, or any other date on which the Defendant may rely for purposes of priority.

26. On information and belief, neither the applicant of the '312 Registration nor Defendant created the "Crawling Crab Design". On information and belief, neither the applicant nor the defendant is the rightful owner to the "Crawling Crab Design", therefore neither is the actual owner of the design and the '312 Registration.

27. Plaintiff had been selling and offering for sale its crawling crab products since at least May 23, 2023.

28. On May 29, 2023, Applicant, Fan, Zhihao, filed its application to register the now '312 Registration. Applicant filed the application based on its alleged use of the mark in commerce under Section 1(a) of the Lanham Act, 15 U.S.C. §1051(a).

29.     In its application, Fan, Zhihao via its attorney, represented to the USPTO that Fan, Zhihao was actively using the '312 Registration in U.S. commerce in connection with the goods (the "Representation").

30.     On information and belief, the Representation was false. On information and belief, Fan, Zhihao was not the actual owner of the mark now issued into the '312 Registration; and, Fan, Zhihao was not using said mark in commerce.

31.     On information and belief, because Fan, Zhihao was not the owner and the user of said mark, and as evidence obtained through discovery in this lawsuit will likely further show, Fan, Zhihao knew the Representation was false at the time it was made.

32.     The false Representation was material because, but for the false Representation, the USPTO would not have approved said for publication and issuance. However, in reliance on the false Representation, the USPTO approved the application and issued the same into the '312 Registration。

33.     Plaintiff is being harmed by the '312 Registration because it would support exclusive rights in the "Crawling Crab Design" that Defendant has asserted against Plaintiff to seek to prevent Plaintiff's sale of the Crawling Crab Products.

34.     Based on the foregoing, Fan, Zhihao committed fraud in connection with the filing and prosecution of the '312 Registration, which is grounds for denial of the same in its entirety.

35.     In addition, because Fan, Zhihao was not using the mark in connection with any of the goods identified in the '312 Registration as of April 19, 2023, the alleged dates of First Use and Use in Commerce, the '312 Registration should be invalid.

36.     Plaintiff seeks a declaratory judgment from this Court that the '312 Registration is invalid because the applicant was not the actual owner thereof.

37.     In addition, Plaintiff seeks a declaratory judgment from this Court that the '312 Registration is invalid because of fraud and non-use.

**COUNT II**

**Declaration of Unenforcement of Trademark**

38. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

39. The '312 Registration, which was filed on May 29, 2023 and issued on October 8, 2024, bears a first-use date of April 19, 2023.

40. Plaintiff has been selling or offering for sale its Crawling Crab Products on Amazon.com since at least May 23, 2023.

41. Other parties, such as Amazon store "Deejoy", have been selling or offering for sale crawling crab toys since at least September 26, 2021.

42. The design of its Crawling Crab Products, as well as the crawling crab toys from other parties, is identical to the designation of the "Crawling Crab Design" of the '312 Registration. Therefore, the '312 Registration is merely descriptive of the crawling crab toys such as the Crawling Crab Products, and Defendant has not shown and cannot show that the designation has acquired distinctiveness.

43. As a descriptive designation without secondary meaning, the "Crawling Crab Design" does not distinguish Defendant's trademark design from the toy products provided by Plaintiff and others in the toy industry, which are on the market prior to the '312 Registration.

44. By claiming exclusive rights in the designation "Crawling Crab Design," Defendant seeks to prevent Plaintiff and others from using the descriptive designation, which is necessary to accurately describe their crawling crab toys.

45. Therefore, Plaintiff would be injured by the enforcement sought by Defendant for the descriptive designation "Crawling Crab Design", which would give Defendant the right to exclude Plaintiff and others in the industry from using ordinary designs in their crawling crab toys.

46. Plaintiff seeks a declaratory judgment from this Court that Defendant's mark consisting of the "Crawling Crab Design" is merely descriptive over Plaintiff's Crawling Crab Products", therefore is unenforceable thereagainst.

## COUNT III

### Declaration of Non-Infringement of Trademark

47. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

48. This claim arises from an actual and justiciable controversy between the parties regarding whether Plaintiff's Crawling Crab Products infringe Defendant's claimed trademark '312 Registration designation the "Crawling Crab Design", for Balloons; Articles of clothing for toys; Ride-on toys; Toy aircraft; Toy cars; Toy guns; Toy jewelry; Toy rockets; Toy tiaras; Toy water guns.

49. The design of its Crawling Crab Products is identical to the designation of the "Crawling Crab Design" of the '312 Registration. Therefore, the '312 Registration is merely descriptive of the crawling crab toys such as the Crawling Crab Products, and Defendant has not shown and cannot show that the designation has acquired distinctiveness.

50. Plaintiff's Crawling Crab Products consist of a descriptive way of using the '312 Registration, therefore consist a fair use thereof.

51. Plaintiff seeks a declaratory judgment from this Court that Plaintiff does not infringe any cognizable trademark rights of the Defendant because of descriptive fair use.

## COUNT IV.

### Tortious Interference with Business Relationship

52. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

53. On information and belief, Defendant knew that Plaintiff has been doing business on Amazon.com through its e-commerce store under a standard agreement with Amazon.com.

54. Defendant is not a party to the Plaintiff-Amazon agreement.

55. Defendant knew or should have known that the '312 Registration is invalid and/or unenforceable.

56. Defendant fraudulently filed a complaint to Amazon to stop Plaintiff's sale of the Crawling Crab Products for an extended period of time.

57. Defendant had no justification to stop Plaintiff's sale of the Crawling Crab Products.

58. Defendant tortiously interfered with Plaintiff's business relationship with Amazon through its wrongful and malicious conducts, causing substantial damages to Plaintiff.

59. Plaintiff demands money damages against Defendant for tortiously interfere with the contract between Plaintiff and Amazon, including lost sales, the costs for this action; punitive and exemplary damages; and any other relief the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this court enter judgment in favor of the Plaintiff and against Defendant as follows:

a) a declaratory judgment that Plaintiff's using of the "Crawling Crab design" does not infringe, directly or indirectly, Defendant's '312 Registration;

b) an injunction barring Defendant from asserting, or enforcing the '312 Registration;

c) an order for the cancellation of Defendant's '312 Registration;

d) a money judgment against Defendant for tortiously interference, including punitive and exemplary damages;

e)     Court cost and attorneys' fees, in accordance with 15 U.S.C. §§1117; and

f)     a grant of any other relief as this Court deems just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Dated on this 25th day of March, 2025      Respectfully submitted,

*/s/* Xuanjie Wang
Xuanjie Wang (ILND Bar No. 6347726)
Omero Mario Avaldi (ILND Bar No. 6335519)
Haoyi Chen (*Pro hac vice* forthcoming)
Arch & Lake LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
anniewang@archlakelaw.com
marioavaldi@archlakelaw.com
haoyichen@archlakelaw.com

*Attorneys for Plaintiff*